### FOGG *v.* TOWLE.

A person authorized to collect a debt, taking without authority an order payable to himself, drawn by the debtor and accepted by a third person, does not thereby become liable to the creditor for money had and received.

Nor is he rendered liable by the promise of the acceptor to give him credit for the amount of the order on a debt due from him to a firm, of which the acceptor is a member, when the promise has not been performed.

ASSUMPSIT, for money had and received by the defendant of one Lamprey for the plaintiff. Facts found by a referee. The plaintiff's attorney sent the defendant, a deputy sheriff, a trustee writ in favor of the plaintiff against one Jennell. The defendant, without authority, took an order for the amount of the debt, payable to himself, drawn by Jennell and accepted by Lamprey. Lamprey, being a member of a firm to whom the defendant was indebted, agreed to credit the defendant with the amount of the order on the debt due from the defendant to the firm ; but this he has not done. He is bankrupt, and the firm have sued the defendant for the full amount of his debt.

*Andrews* and *Stevens & Parker*, for the plaintiff.

*Towle*, for the defendant.

BINGHAM, J. The defendant is not rendered liable for money had and received by the fact that he did not insert Lamprey's name in the writ as trustee, and did not serve the writ on him ; nor by his taking the accepted order without the plaintiff's authority ; nor by Lamprey's unexecuted proposition. The defendant's unauthorized action not being ratified by the plaintiff, Jennell is still the plaintiff's debtor. No part of the defendant's debt to Lamprey's firm has been paid, and the defendant has received nothing of value for which he is liable to the plaintiff as for money had and received. Had the defendant been liable for not serving the writ, his liability could not be enforced in this form of action. The case would have been different if the amount Jennell owed the plaintiff had been received by the defendant from Lamprey in cash, or in a cancellation of an equal amount of the defendant's debt to Lamprey's firm; or if, by mutual agreement, Jennell's debt to the plaintiff, and the same amount of Lamprey's debt to Jennell, and the same amount of the defendant's debt to Lamprey's firm, had been extinguished, and the plaintiff had accepted the defendant as paymaster in place of Jennell, and Lamprey's firm had accepted Lamprey as paymaster in place of the defendant. If the plaintiff had chosen to ratify what had been done for his benefit by bringing a suit in the defendant's name against Lamprey upon the accepted order, the plaintiff would have had all he was entitled to gain by a ratification of the defendant's unauthorized act of taking the order.

*Judgment for the defendant.*

STANLEY, J., did not sit : the others concurred.